IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In re )
)
RICHARD EARL SMITH and ) Case No. 11-20767
LYNN SUZANNE SMITH, ) Chapter 7
)
Debtors. )

FILED

2:52 pm, 12/9/11

Tim J. Ellis
Clerk of Court

# MEMORANDUM OPINION ON MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY CENTRAL BANK & TRUST

On December 7, 2011, this matter came before the court for an evidentiary hearing, by video-conference, on the Motion for Relief from Automatic Stay filed by Central Bank and Trust ("CB&T") and the Objection filed by Richard and Lynn Smith[1] ("Debtors"). The parties were represented as stated on the record. The Court having reviewed the file, arguments of the parties, testimony and exhibits, and based upon the following, grants the motion.

## Jurisdiction

This court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(b)(2)(G). The motion was brought under 11 U.S.C. 362(d).[2]

## Facts

The history of the banking institutes involved with these Debtors and the transactions indicate that Debtors had an on-going financial relationship with the First

---

[1] Richard Smith is referred to as Rick E. Smith or Rick Smith. Lynn Wiebe is now known as Lynn Smith.

[2] Unless otherwise indicated, all chapter section and rule references are to the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

State Bank of Thermopolis, Thermopolis, Wyoming going as far back as at least 1998. On November 28, 2005, the Articles of Amendment by Shareholders was filed with the Wyoming Secretary of State changing the name of First State Bank of Thermopolis to Bank of Wyoming. Thereafter, CB&T purchased First State Bank's assets after it failed. Subsequently, Debtor, Rick E. Smith, executed a General Release and Loan Reaffirmation Agreement ("Reaffirmation Agreement) for the benefit of CB&T with respect to loan Number 105147540. The Reaffirmation Agreement states:

> ...nothing herein is intended to affect in any way Note Holder's or its successors' or assigns' security interest in the Property. As such, BORROWER hereby reaffirms and ratifies his/their/their respective obligations under the note and mortgage/deed of trust and all Loan related loan documents."

The history of the filing UCC forms shows:

- On June 23, 2000, the financing statement was filed with the Wyoming Secretary of State, #2000-11955426. Rick Smith and Lynn Wiebe signed the form as the debtors, describing the collateral, in part, as: "All Equipment, Farm Products and Livestock...HORSES, TACK, MACHINERY, 29 GELDING QUARTER HORSES AND ALL PRODIGY THEREOF, whether any of the foregoing is owned now or acquired later; whether any of the foregoing is not existing or hereafter born or grown; all accession, additions, replacements and substitutions relating to any of the foregoing..."

- Document 2005-24866334 was filed on March 30, 2005, referencing and continuing the UCC original document of 2000-11955426 through June 23, 2010.

- September 22, 2009 CB&T filed "UCC3 Amendment, referencing the original financing statement no. 2000-11955426, showing an assignment to CB&T of the security interest.

- On April 19, 2010, CB&T filed UCC3 Amendment for the purpose of continuing the security interest and referencing the original financing

statement of 2000-11955426, continuing its security position through June 23, 2015.

On May 30, 2008, Debtor, Rick E. Smith, executed a Promissory Note ("Note") in favor of Bank of Wyoming, borrowing the amount of $170,200.00. The language of the Note, describing the collateral securing the Note, states:

> "Borrower acknowledges the Note is secured by **UCC #s 2000-11955426 DATED 6/23/00**[3] AND 1998-11285044 DATED 3/19/98; and FS #0542616-1A01 DATED 11/22/05 ALL FILED WITH THE WYOMING SECRETARY OF STATE."

Debtors filed for Chapter 7 bankruptcy protection on July 15, 2011. The testimony by Dan Davis of CB&T, reflects that the Debtors are in default, owing $177,434.00.

**Discussion**

CB&T filed its motion for relief from the automatic stay so that it may foreclose its security interest on the following collateral:

> Machinery and equipment: 12 panels, 50 red river panels, 8 gates, 3 feeders, Jim Wise saddle, Jerry Beagley saddle, 6 bridles, 2 saddle pads, 7 year old blue roan gelding, 1 year old buckskin stud colt, 17 year old red roan gelding, 35 head of goats, 2 laptop computers, printer, video camera.
>
> Livestock: 10 year old brown gelding, 9 year old sorrel gelding and 5 year old sorrel gelding, running p saddle, courts saddle, 11 bridles, 6 tie downs and 4 saddle pads.

The Debtors argue: (1) the collateral is not properly perfected; and (2) if the collateral is properly perfected, Debtors and Debtors' landlord are entitled to set-off the

---

[3] Emphasis added.

expense of caring for and feeding the horses and goats. Additionally, Debtors assert, and CB&T concedes, that the two lap-tops, printer and video camera are not part of the collateral. Therefore those items are deleted from this motion.

CB&T seeks relief under § 362(d), which provides:

> "[T]he court shall grant relief from the stay under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest (2) .with respect to a stay of an act against property...if the debtor does not have an equity in such property; and, (b) such property is not necessary to an effective reorganization."

The party requesting relief has the burden of proof on the issue of the debtor's equity in property; and the party opposing such relief has the burden of proof on all other issues.[4]

The Debtors assert that the collateral is not properly perfected under Wyoming law. Wyo. Stat. §§ 34.1-9-511(a) and (b) state:

> "(a) A secured party of record with respect to a financing statement is a person whose name is provided as the name of the secured party...in an initial financing statement that has been filed. If an initial financing statement is filed under section 34.1-9-514(a), the assignee named in the initial financing statement is the secured party of record with respect to the financing statement.
> (b) If an amendment of a financing statement which provides the name of a person as a secured party...is filed, the person named in the amendment is a secured party of record. If an amendment is filed under section 34.1-9-514(b), the assignee named in the amendment is a secured party of record."

In this case, the court finds that the assignment filed by CB&T on September 29,

---

[4] 11 U.S.C. §362 (g)(1) and (2).

2009 complies with the Wyoming Statutes making CB&T the secured party of record. Section 34.1-9-510 states, "A continuation statement that is not filed with the six (6) month period...is ineffective." The court's review of the continuation statements reflect that each was timely filed. The court finds that the collateral was properly secured.

The court's review of the Debtors' petition and schedules indicates that the Debtors claim portions of CB&T's collateral as exempt. The general rule is that debtors' exempt property is not available to creditors. However, property secured by a lien that is not avoided is an exception. Therefore the listed collateral is not exempt.

In determining if relief from the automatic stay is appropriate the court finds that the Debtors have not provided adequate protection to CB&T for its interest in the collateral; there is not any equity in the collateral as the amount owed is far beyond the value of the collateral as the Debtors list the value of the collateral in the amount of $3,830.00; and the Debtors are chapter 7 debtors and have not argued or presented evidence that the collateral is necessary for an effective reorganization. Therefore, cause exists for the court to grant the motion for relief from the automatic stay.

Finally, Debtors argue that they are entitled to a set-off in the amount of $1,450.00 for the care and feeding of the horses and goats. Additionally, they assert a claim on behalf of their landlord in the amount of $10,150.00 for pasture.

To recover reasonable and necessary costs of preserving collateral, the debtor-in-possession must expend the funds primarily to benefit the crediter, who must in fact directly benefit from the expenditure. The debtors have an independent duty of

reasonable care regarding the property in their possession.[5] In this case, the Debtors intended to retain the property and were willing to repurchase it from the chapter 7 trustee. Only after CB&T asserted its claim was there any discussion of debts owed for feeding and pasturing the animals. The Debtors are asserting the claims to diminish any benefit to the creditor. The set-up is denied.

Therefore the court finds that the collateral is properly perfected under the laws of the State of Wyoming, that cause exists for the motion for relief from stay to be granted; and demands of set-off for the care of the animals is denied.

This opinion constitutes the court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this ___9___ day of December, 2011.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Thomas Fasse
    Frank Watkins

---

[5] *Brookfield Production Credit Association v. Borron.* 738 F.2d 951 (8th Cir. 1984)